**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| Citterece McGregor, | |
| Plaintiff, | |
| v. | Case No. 4:26-cv-00685 |
| Harris County, *et al.*, | |
| Defendants. | |

**PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF TIME**
**TO RESPOND TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Citterece McGregor, through her undersigned counsel, submits this unopposed motion for an extension of time to respond to the motion to dismiss filed by Defendants Harris County and Sheriff Ed Gonzalez, ECF 22. Pursuant to Local Rule 7.1(C), a proposed order is attached as **Exhibit 1**.

In support of her motion, Plaintiff states as follows:

**BACKGROUND**

1.     This action arises from the death of a young mentally ill man named Kristopher McGregor. Mr. McGregor, who was diagnosed as suffering from schizophrenia, was incarcerated in the Harris County Jail beginning around January 2, 2025. *See* ECF 1 ¶ 35. Plaintiff alleges that on or around January 29, 2025, he was noted to be in medical distress and was taken to an outside hospital where he died on January 30, 2025 from a strep throat infection that went untreated during his time at the jail. *See id.* ¶¶ 73–81.

2.     Plaintiff sued both Harris County and Sheriff Ed Gonzalez, who operate the jail, *see* ECF No. 1 ¶¶ 4–5, as well as Dr. Naomi Lockett in her official and individual

1

capacities, *see id.* ¶ 6. Plaintiff's claims sound primarily in 42 U.S.C. § 1983 and the Americans with Disabilities Act.  Because Dr. Lockett is sued in her official as well as individual capacity, the suit will likely implicate as a defendant her employer, Harris Health, which (Harris County and Sheriff Gonzalez argue) is responsible for the delivery of medical and mental health services to people detained at the Harris County Jail. ECF 22 ¶¶ 7, 15, 23.  *See generally Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (action naming officer in their official capacity is equivalent to a claim against the municipality they serve).

3.      On March 10, 2026, Harris County and Sheriff Gonzalez filed a motion to dismiss Plaintiff's complaint (as well as a stay request), arguing among other things that many of the acts and omissions alleged in Plaintiff's complaint are not their responsibility but rather are the responsibility of an entity called "Harris Center" and/or Harris Health and Dr. Lockett. *See* ECF 22 ¶ 7, 15, 23-25, and calling on the Court to decide "whether Harris Health or Harris Center are separate legal entities from Harris County."  *Id.* ¶ 11.

4.      Plaintiff's response to the motion is due on March 31, 2026.

5.      It is Plaintiff's position that the arguments in the Harris County/Gonzalez motion to dismiss are best assessed with the benefit of a responsive pleading from Dr. Lockett (and Harris Health) in order to understand their perspective on the division of responsibility argued in the by Harris County and Sheriff Gonzalez.

6.      Plaintiff has served process on a Naomi Lockett, *see* ECF 24, but upon investigation it appears that the person served was not the defendant, Dr. Lockett. After discovering this apparent error, Plaintiff's counsel has promptly contacted Harris Health's legal department to arrange proper service of Dr. Lockett.

**REQUEST FOR RELIEF**

7.    In light of the foregoing, Plaintiff respectfully requests a three-week extension of time to respond to Defendants' motion to dismiss, up to and including April 20, 2026.

8.    Plaintiff proposes that on or before that date she will provide a status report regarding service on Dr. Lockett as well as a proposed agreed date for Dr. Lockett (in her official and individual capacities) to file a pleading responding to the complaint. If for some reason Plaintiff has been unable to serve Dr. Lockett during that time, Plaintiff will report on her service efforts and request any further relief as appropriate.

9.    Plaintiff's counsel has conferred with counsel for Harris County and Sheriff Gonzalez, and is informed that they do not oppose this request for relief.

10.    This motion is not filed for purposes of delay, and no party will be prejudiced by the requested extension.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an order extending Plaintiff's deadline to respond to Defendants' motion to dismiss to April 20, 2026, and instructing that Plaintiff file a status report on or before that date relating to service of Dr. Lockett and any agreed dates for Dr. Lockett's pleading in response to Plaintiff's Complaint.

Date: March 31, 2026

Respectfully submitted,

*/s/ Stephen H. Weil*

Brittany Francis
Peoples' Counsel
1900 W. Gray Street, P.O. Box 130442
Houston, TX 77219
Telephone: (713) 487-9809
brittany@peoplescounsel.org
Texas Bar No. 24141616
SDTX Bar No. 3837908

Sam Harton* (Ill. Bar No. 6342112)
Stephen Weil* (Ill. Bar No. 6291026)
Romanucci and Blandin, LLC
321 N. Clark St., Chicago, IL 60654
Tel: (312) 458-1000 | Fax: (312) 458-1004
sharton@rblaw.net | sweil@rblaw.net

*Pro hac vice*

*Attorneys for Plaintiff*

3