**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CITTERANCE McGREGOR, AS PERSONAL REPRESENTATIVE AND ADMINISTRATOR OF KRISTOPHER McGREGOR, DECEASED, AND ON HER OWN BEHALF,** | § § § § § | **CIVIL ACTION NO. 4:26-cv-00685** |
| | § | |
| ***Plaintiffs,*** | § | **JURY DEMANDED** |
| | § | |
| **v.** | § | |
| | § | |
| **HARRIS COUNTY, TEXAS; ED GONZALEZ, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; NAOMI LOCKETT, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES,** | § § § § § | |
| | § | |
| ***Defendants.*** | | |

**<u>DEFENDANTS PAUL CORMIER AND LORI JEFFERSON'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND MOTION TO STAY</u>**

TO THE HONORABLE JUDGE ELLISON:

DEFENDANTS, PAUL CORMIER and LORI JEFFERSON (Defendants or by individual names) file this motion to dismiss Plaintiff's Second Amended Complaint under Fed. R. Civ. P. 12(b)(6), and show the Court the following:

# TABLE OF CONTENTS


**TABLE OF CONTENTS** .......... ii

**TABLE OF AUTHORTIES** .......... ii

**NATURE AND STAGE OF PROCEEDING** .......... 1

**STANDARD OF REVIEW** .......... 1

**STATEMENT OF ISSUES** .......... 2

**SUMMARY OF ARGUMENT** .......... 2

**ARGUMENTS AND AUTHORITIES** .......... 2

**CONCLUSION** .......... 10

**CERTIFICATE OF CONFERENCE** .......... 11


# TABLE OF AUTHORTIES

Page(s)

Cases


*Alderson v. Concordia Par. Corr. Facility*,
848 F.3d 415 (5th Cir. 2017) .......... 5

*Allen v. Cisneros*,
815 F.3d 239 (5th Cir. 2016) .......... 7

*Arnold v. Williams,*
979 F.3d 262 (5th Cir. 2020) .......... 7

*Ashcroft v. al-Kidd*,
565 U.S. 731 (2011) .......... 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 1, 2

*Backe v. Le Blanc*,
691 F.3d 645 (5th Cir. 2012) .......... 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 1, 2

*Brown v. Coulston*,
463 F.Supp.3d 762 (E.D. Tex. May 29, 2020) .......... 6

*Carroll v. Ellington*,
800 F. 3d 154 (5th Cir. 2015) .......... 7

*Carswell v. Camp*,
54 F.4th 307 (5th Cir. 2022) .......... 10
*City of Arlington v. Randall*,
301 S.W.3d 896 (Tex. App.—Fort Worth 2009, pet. denied) .......... 6
*Cope v. Cogdill*,
3 F.4th 198 (5th Cir. 2021) .......... 8
*Domino v. Texas Dep't of Crim. Justice*,
239 F.3d 752 (5th Cir. 2001) .......... 4, 5, 8
*Dyer v. Houston*,
964 F.3d 374 (5th Cir. 2020) .......... 5
*Estate of Bonilla v. Orange Cnty*,
982 F.3d 298 (5th Cir. 2020) .......... 4, 8, 9
*Fraire v. City of Arlington*,
957 F.2d 1268 (5th Cir. 1992) .......... 8
*Gates v. Tex. Dep't of Protective & Regulatory Servs.*,
537 F.3d 404 (5th Cir. 2008) .......... 8
*Hale v. King*,
642 F.3d 492 (5th Cir. 2011) .......... 2
*Hare v. City of Corinth*,
74 F.3d 633 (5th Cir.1996).......... 4
*Hyatt v. Thomas*,
843 F.3d 172 (5th Cir. 2016) .......... 4, 9
*Jackson v. Procunier*,
789 F.2d 307 (5th Cir. 1986) .......... 1
*Jones v. Lowndes County*,
678 F.3d 344 (5th Cir. 2012) .......... 9
*King v. Handorf*,
821 F.3d 650 (5th Cir. 2016) .......... 6
*Leal v. McHugh*,
731 F.3d 405 (5th Cir. 2013) .......... 1
*Lozano v. Smith*,
718 F.2d 756 (5th Cir. 1983) .......... 9
*Malley v. Briggs*,
475 U.S. 335 (1986).......... 8
*Messerschmidt v. Millender*,
565 U.S. 535 (2012).......... 6
*Morgan v. Swanson*,
659 F.3d 359 (5th Cir. 2011) .......... 7
*Morin v. Caire*,
77 F.3d 116 (5th Cir. 1996).......... 1

*Morrow v. Meachum*,
917 F.3d 870 (5th Cir. 2019) ........................................ 6
*Mosely v. Bexar Cty.*,
Civil Action No. SA-17-cv-583-XR, 2020 WL 589540 (W.D. Tex. Feb. 5, 2020)4, 9
*Mullenix v. Luna*,
136 S. Ct. 305 (2015) ........................................ 7
*Pearson v. Callahan*,
555 U.S. 223 (2009) ........................................ 8
*Perniciaro v. Lea*,
901 F.3d 241 (5th Cir. 2018) ........................................ 4, 9
*Reichle v. Howards*,
566 U.S. 658 (2012) ........................................ 6
*Shaw v. Villanueva*,
918 F.3d 414 (5th Cir. 2019) ........................................ 2
*Shepard v. Hansford County*,
110 F.Supp.3d 696 (N.D. Tex 2015) ........................................ 8
*Spence v. Nelson*,
603 F. App'x 250 (5th Cir. 2015) ........................................ 9
*Tarver v. City of Edna*,
410 F.3d 745 (5th Cir. 2005) ........................................ 7
*Tex. Dep't of Aging & Disability Servs. v. Cannon*,
453 S.W.3d 411 (Tex. 2015) ........................................ 6
*Wagner v. Bay City, Tex.*,
227 F.3d 316 (5th Cir. 2000) ........................................ 4
*Washington ex rel. J.W. v. Katy Indep. School Dist.*,
390 F.Supp.3d 822 (S.D. Tex. Jun 5, 2019) ........................................ 7

Statutes

Tex. Civ. Prac. & Rem. Code § 101.106(e) ........................................ 5

Rules

Fed. R. Civ. P. 8(a)(2) ........................................ 1
Fed. R. Civ. P. 12(b)(6) ........................................ i, 1

## NATURE AND STAGE OF PROCEEDING

1. Plaintiff filed suit on January 29, 2026. Docket Entry (DE) 1.

2. Plaintiff amended her complaint on May 29, 2026 and filed her second amended complaint on June 30, 2026 (DE) 46.

3. Plaintiff asserts against Cormier and Jefferson two claims, Counts 15 and 16.

## STANDARD OF REVIEW

4. This court must take all well-pleaded facts as true when considering a motion to dismiss. If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. See Fed. R. Civ. P. 12(b)(6). See *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

5. "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft*, 556 U.S. at 678-679. In short, the Plaintiff must plead plausible <u>facts</u> which if true, would impose liability on the Defendant. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

6. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions are not sufficient. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("plaintiff must allege facts that support the elements of the cause of action in order to make out a valid claim").

## STATEMENT OF ISSUES

7. Whether Plaintiff's claims against Defendants are subject to dismissal as conclusory.

8. Whether Plaintiff pleads facts sufficient to overcome Defendants' entitlement to qualified immunity.

9. Whether this Court should stay all discovery pursuant to *Carswell v. Camp*.

## SUMMARY OF ARGUMENT

10. Plaintiff's claims against Defendants should be dismissed with prejudice because they are conclusory. Plaintiff does not overcome Defendants' entitlement to qualified immunity, and discovery should be stayed pending resolution of their entitlement to qualified immunity.

## ARGUMENTS AND AUTHORITIES

11. The operative facts are that on January 2, 2025 Kristopher McGregor

(”Kristopher”) was arrested and placed in the Harris County jail. On January 29, 2025 he was found on the floor of his cell, taken to the jail clinic and then to Ben Taub Hospital where he died on January 30, 2025 from cardiac arrest and a streptococcal infection (paragraphs 55, 110 and 119). Comier was the housing assignment officer who conducted a housing assignment and classification on January 4, 2025. Cormier assigned Kristopher to medium security (paragraph 60). On January 12, 2025, Detention Sergeant Lori Jefferson personally responded to and supervised an incident in which Kristopher activated the two-way communication device in his cellblock and reported to responding officers that his life was in danger and that he had been repeatedly threatened by fellow inmates. Sergeant Jefferson arrived on scene, directed the response, gave Kristopher the opportunity to identify the inmates who had threatened him, oversaw his removal to a holding cell, and supervised the involved officers’ handling of the incident (paragraph 74).

12. During his incarceration in January 2025 Kristopher had seven encounters/assessments with medical staff from January 4-17, 2025 (paragraphs 58, 61, 62, 64, 70, and 77 and 80). From January 17 through January 29, 2025 — a period of twelve days — Kristopher received no documented medical or mental health welfare checks, no vital signs, no food or fluid intake monitoring, and no clinical assessments of any kind. He had not received six (paragraph 87).

13. Plaintiff makes no allegations against Cormier and Jefferson for the period of January 17, 2025 to January 29, 2025. Indeed, there is no direct link associating Kristopher's tragic demise with either Cormier or Jefferson. The specific allegations found in paragraphs 359 and 360 fall far short of a plausible claim of deliberate indifference.

14. "Liability for failing to provide such care attaches if the plaintiff can show that a state official acted with deliberate indifference to a substantial risk of serious medical harm and that injuries resulted." *Wagner v. Bay City, Tex.*, 227 F.3d 316, 324 (5th Cir. 2000) (citing *Hare v. City of Corinth*, 74 F.3d 633, 647-48 (5th Cir.1996) (en banc)). "Deliberate indifference is an extremely high standard." *Estate of Bonilla v. Orange Cnty*, 982 F.3d 298, 305 (5th Cir. 2020)(citing *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). To prove deliberate indifference, a plaintiff must show that the prison official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, that the official actually drew the inference and disregarded that risk by failing to abate it." *Id.* (citing *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016)). It is a subjective standard that "requires that a prison official has actual knowledge of a serious risk of harm and then consciously disregard that risk." *Mosely v. Bexar Cty.*, Civil Action No. SA-17-cv-583-XR, 2020 WL 589540, at *8 (W.D. Tex. Feb. 5, 2020) (internal citation omitted); *see also Perniciaro v. Lea*, 901 F.3d 241, 257 (5th Cir. 2018) ("knowledge, in this context,

requires that an official is both aware of facts from which an inference of harm could be drawn and actually draws that inference"). To succeed on a deliberate indifference claim, a plaintiff must show that (1) the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and (2) the official actually drew that indifference. *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020). The official's conduct must demonstrate subjective awareness of a substantial risk of serious harm and a failure to take reasonable measures to abate this risk. *Domino v. Tex. Dept of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). Here Plaintiff has not alleged facts which show that Cormier or Jefferson refused to treat Kristopher, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical need. *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017). Plaintiff has conclusorily asserted her claims against Cormier and Jefferson. There is no allegation that Cormier every even met Kristopher. Jefferson's contact was limited to January 12, 2025 where she intervened in an inmate-inmate dispute. Additionally Because Plaintiff elected to sue Harris County, the Texas Tort Claims Act bars her from pursuing wrongful death claims against either Jefferson or Cormier individually: "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code § 101.106(e). Thus, when a plaintiff sues both the governmental entity and its employees, as

McGregor has done here, a court *must immediately dismiss* the employees upon motion. A Texas governmental entity perfects the statutory right to dismissal of its employees upon the filing of a motion to dismiss. *City of Arlington v. Randall*, 301 S.W.3d 896, 903 (Tex. App.—Fort Worth 2009, pet. denied), *disapproved of on other grounds by Tex. Dep't of Aging & Disability Servs. v. Cannon*, 453 S.W.3d 411 (Tex. 2015). Accordingly, the wrongful death claims against Cormier and Jefferson must be dismissed with prejudice.

15. **Qualified Immunity**. Qualified immunity is an affirmative defense that shields a government official "from civil damages liability unless [he] violated a statute of constitutional right that was clearly established at the time of the challenged conduct." *Brown v. Coulston*, 463 F.Supp.3d 762 (E.D. Tex. May 29, 2020) (citing *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). The doctrine "gives government officials breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012); *see also Morrow v. Meachum*, 917 F.3d 870, 876 (5th Cir. 2019).

16. When a defendant invokes qualified immunity, the plaintiff must demonstrate that the defense does not apply. *See King v. Handorf*, 821 F.3d 650, 653 (5th Cir. 2016). The "plaintiff seeking to overcome qualified immunity, must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the

harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Arnold v. Williams,* 979 F.3d 262, 267 (5th Cir. 2020) (citing *Backe v. Le Blanc*, 691 F.3d 645, 648 (5th Cir. 2012)). "Conclusory allegations and unsubstantiated assertions cannot overcome the qualified immunity defense." *Washington ex rel. J.W. v. Katy Indep. School Dist.*, 390 F.Supp.3d 822, 838 (S.D. Tex. Jun 5, 2019).

17. To negate the qualified immunity defense, plaintiff must establish that (1) a public officer's conduct violated a constitutional right and (2) that said conduct was objectively unreasonable in light of clearly established law at the time of the alleged violation. *Ashcroft v. al-Kidd*, 565 U.S. 731, 735 (2011); *Allen v. Cisneros*, 815 F.3d 239, 244 (5th Cir. 2016). "When considering a defendant's entitlement to qualified immunity, [a court] must ask whether the law so clearly and unambiguously prohibited his conduct that '*every* reasonable official would understand that what he is doing violates [the law].'" *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011); *see also Carroll v. Ellington*, 800 F. 3d 154, 169 (5th Cir. 2015). "If officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact." *Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005). The court "must be able to point to controlling authority—or a 'robust consensus of persuasive authority'—that defines the contours of the right in question with a high degree of particularity." *Morgan*, 659 F.3d at 371–72 (citation omitted). A case directly on point is not required, "but existing precedent must have placed the statutory or constitutional question beyond debate." *Mullenix v. Luna*, 136 S. Ct. 305,

308 (2015); *see also Sama v. Hannigan*, 669 F.3d 585, 591 (5th Cir. 2012) (a right is "clearly established" only where pre-existing law "dictate[s], that is truly compels (not just suggests or allows or raises a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in these circumstances").

18. The plaintiff must also show that the defendant's conduct was objectively unreasonable. *Pearson v. Callahan*, 555 U.S. 223, 243 (2009). "An official's actions are "objectively reasonable unless all reasonable officials in the defendant's circumstances would have then known that the conduct violated the Constitution." *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008). "If reasonable public officials could differ on the lawfulness of the official's actions, the official is entitled to qualified immunity." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). In short, Defendants would be entitled to qualified immunity if their conduct was objectively reasonable. *See Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992).

19. Plaintiff must plausibly show Defendants, had subjective knowledge of a substantial risk of serious harm to Kristopher and responded to that risk with deliberate indifference. *See Cope v. Cogdill*, 3 F.4th 198, 207 (5th Cir. 2021) (internal citation omitted); *see also Shepard v. Hansford County*, 110 F.Supp.3d 696, 708 (N.D. Tex 2015). As previously noted, "deliberate indifference is an extremely high standard." *Estate of Bonilla*, 982 F.3d at 305 (citing *Domino v. Texas Dep't of Crim. Justice*, 239

F.3d 752, 756 (5th Cir. 2001)). To prove deliberate indifference, a plaintiff must show that the prison official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, that the official actually drew the inference and disregarded that risk by failing to abate it." *Id.* (citing *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016)). It is a subjective standard that "requires that a prison official has actual knowledge of a serious risk of harm and then consciously disregard that risk." *Mosely v. Bexar Cty*., Civil Action No. SA-17-cv-583-XR, 2020 WL 589540, at *8 (W.D. Tex. Feb. 5, 2020) (internal citation omitted); *see also Perniciaro v. Lea*, 901 F.3d 241, 257 (5th Cir. 2018) ("knowledge, in this context, requires that an official is both aware of facts from which an inference of harm could be drawn and actually draws that inference"). Plaintiff does not allege Defendants were aware of Kristopher's decompensation and medical decline during the period of January 17-29, 2025.

20. In order for a prison official to be found liable under §1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *See Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983); *see also Spence v. Nelson*, 603 F. App'x 250, 255 (5th Cir. 2015) (per curiam) (quoting *Jones v. Lowndes County*, 678 F.3d 344, 349 (5th Cir. 2012)). Other than conclusory statements, Plaintiff has failed to allege that either of the Defendants was personally and directly involved in depriving Kristopher of timely medical care, or caused the alleged constitutional violation. As a

result, Plaintiff's Fourteenth Amendment claim fails and Defendants are entitled to dismissal.

21. **Stay.** Defendants have raised qualified immunity as an affirmative defense; discovery cannot be permitted against them before this Court rules on the pending motion for dismissal. *See Carswell v. Camp,* 54 F.4th 307 (5th Cir. 2022); Defendants therefore, respectfully move this Court to stay all discovery until their assertion of immunity is resolved.

22. For the reasons stated above, the Plaintiff has failed to state a claim upon which relief can be granted against Defendants. Accordingly, they are entitled to dismissal of all of Plaintiff's claims against them as a matter of law.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants JEFFERSON AND CORMIER request that this Court grant their motion to dismiss and if denied, their motion to stay and all other relief to which these defendants are entitled.

Date: August 13, 2026.

Respectfully submitted,

By: */s/ James C. Butt*

**JAMES C. BUTT**
Sr. Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24040354
Fed. Bar No. 725423
Phone: (713) 274-5133 (direct)
james.butt@harriscountytx.gov

**VERONICA JONES**
Assistant County Attorney
ATTORNEY TO BE NOTICED
State Bar No. 24097902
Fed. Bar No. 3639763
veronica.jones@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1010 Lamar, 11th Floor
Houston, Texas 77002
Phone: (713) 274-5133 (direct)

**ATTORNEYS FOR DEFENDANTS**
**PAUL CORMIER AND LORI JEFFERSON**

## CERTIFICATE OF CONFERENCE

I, James C. Butt, certify on August 12, 2026, I conferred on the motion to dismiss and motion to stay, and both are opposed.

*/s/ Jim Butt*

## CERTIFICATE OF SERVICE

I certify that, pursuant to the Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached is filed with the clerk of the court using CM/ECF system, which will send electronic notification for those of record:

*/s/ Jim Butt*
Jim Butt